UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLI C.,

                         Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

CASE NO. 3:20-cv-05462-BAT

**ORDER AFFIRMING THE
COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred at steps three and five, and in discounting a counselor's opinion. Dkt. 16. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 35 years old; has one year of college education; and has worked an administrative assistant, receptionist, and warehouse worker. Tr. 261, 292-94. In July 2017, she protectively applied for benefits, alleging disability as of February 25, 2014. Tr. 241-49. Her applications were denied initially and on reconsideration. Tr. 167-73, 178-83. The ALJ conducted a hearing in February 2019 (Tr. 68-114), and subsequently found Plaintiff not

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

1  disabled.  Tr. 15-41.  As the Appeals Council denied Plaintiff's request for review, the ALJ's

2  decision is the Commissioner's final decision.  Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, the ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:**  Plaintiff had the following severe impairments: lumbar radiculopathy, post-herpetic neuralgia, chronic pain syndrome, major depressive disorder, and generalized anxiety disorder.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[1]

**Residual Functional Capacity ("RFC"):**  Plaintiff can perform light work with additional limitations: she can stand/walk for 15-minute increments up to two hours in an eight-hour workday.  She cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps or stairs.  She can occasionally balance, stoop, kneel, and crouch.  She cannot crawl.  She can have occasional exposure to high-impact vibrations or hazards, such as unprotected heights and dangerous machinery.  She can perform simple, routine tasks involving occasional interaction with the public.

**Step four:**  Plaintiff cannot perform her past work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 15-41.

## DISCUSSION

**A.      Step Three**

Plaintiff bears the burden of proof at step three.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5

(1987).  A mere diagnosis does not suffice to establish disability.  *Key v. Heckler*, 754 F.2d 1545,

1549-50 (9th Cir. 1985).  "'[An impairment] must also have the *findings* shown in the Listing of

---

[1] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

1 | that impairment.'"  *Id*. at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*).  To meet a

2 | listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493

3 | U.S. 521, 530 (1990) (emphasis in original).  "To equal a listed impairment, a claimant must

4 | establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the

5 | characteristics of a relevant listed impairment[.]"  *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir.

6 | 1999); § 416.926 (a).  *See also Sullivan*, 493 U.S. at 531 (to establish equivalency, claimant

7 | "must present medical findings equal in severity to *all* the criteria" for the listing).

8 |        Plaintiff argues the ALJ erred at step three by failing to acknowledge her post-herpetic

9 | polyneuropathy diagnosis, which she contends caused chronic pain and exacerbated her

10 | depression.  Dkt. 16 at 6.  But the ALJ did include post-herpetic neuralgia as a severe impairment

11 | at step two (Tr. 17), and later explained she rejected Plaintiff's allegations of hand and foot

12 | numbness in light of normal electromyography nerve conduction studies and x-rays, and

13 | evidence of conservative treatment.  Tr. 18.

14 |        Plaintiff has not shown the ALJ's reasoning with respect to her numbness allegations is

15 | erroneous, but nonetheless contends her post-herpetic polyneuropathy should have been found to

16 | equal Listing 11.14B, for peripheral neuropathy.  This argument fails because Plaintiff has not

17 | identified medical findings establishing she meets or equals the requirements of that listing.  Dkt.

18 | 16 at 7-10, 13.  Pointing to various parts of the record (Dkt. 16 at 7-10, 13) does not establish the

19 | ALJ erred in rejecting Plaintiff's numbness allegations or with respect to Listing 11.14.

20 | Accordingly, the Court finds that Plaintiff has not met her burden to show error in the ALJ's

21 | step-three findings.

22 | **B.**     **Opinion of Jennifer Drake, LMHC**

23 |        Ms. Drake, Plaintiff's treating therapist, completed a form opinion describing Plaintiff's

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 3

1   mental symptoms and limitations.  Tr. 1248-50.  The ALJ summarized Ms. Drake's opinion and

2   found it persuasive to the extent Ms. Drake described mild to moderate limitations in Plaintiff's

3   ability to perform simple, routine tasks involving occasional interaction with the public.  Tr. 38.

4   The ALJ rejected  Ms. Drake's opinion Plaintiff was unable to perform her activities of daily

5   living independently, or required an assistive device to ambulate, because that portion of the

6   opinion was inconsistent with some of the mental health treatment notes and inconsistent with

7   Plaintiff's activities, namely caring for herself and her children independently and periodically

8   making and selling crafts to supplement her income.  *Id*.

9       Plaintiff argues the ALJ erred in giving "very little weight" (Dkt. 16 at 4) to Ms. Drake's

10   opinion, but the argument both inacurrately describesthe ALJ's decision and fails to account for

11   the fact new medical regulations apply to this case.  Under the new medical regulations, the

12   Commissioner does not weigh opinions, but instead articulates and explains the persuasiveness

13   of an opinion or prior finding based on "supportability" and "consistency," the two most

14   important factors in the evaluation.  20 C.F.R. §§ 404.1520c(a), (b)(1)-(2) and 416.920c(a),

15   (b)(1)-(2).  The "more relevant the objective medical evidence and supporting explanations

16   presented" and the "more consistent" with evidence from other sources, the more persuasive a

17   medical opinion or prior finding.  *Id*. at (c)(1)-(2).  The ALJ may but is not required to explain

18   how other factors were considered, as appropriate, including relationship with the claimant

19   (length, purpose, and extent of treatment relationship; frequency of examination); whether there

20   is an examining relationship; specialization; and other factors, such as familiarity with other

21   evidence in the claim file or understanding of the Social Security disability program's policies

22   and evidentiary requirements.  *Id*. at (b)(2), (c)(3)-(5).

23

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4

1    Here, the ALJ identified the portions of Ms. Drake's opinion which were consistent with

2   the record, and the parts which were inconsistent with the record.  Tr. 38.  Contrary to Plaintiff's

3   argument (Dkt. 16 at 5), the ALJ identified which parts of the record she found to be inconsistent

4   with Ms. Drake's opinion, as explained *supra*.  Plaintiff has not shown error in the ALJ's stated

5   reasoning, and thus  has failed to meet her burden to show harmful legal error in the ALJ's

6   assessment of Ms. Drake's opinion.

7    To the extent Plaintiff also argues the ALJ erred in giving more weight to the opinions of

8   an examining psychologist, Dan Neims, Psy.D. (Dkt. 16 at 5-6), Plaintiff again misses the mark

9   because the ALJ did not purport to assign any particular evidentiary weight to any opinion and

10  instead applied the new medical regulations.  Moreover, Plaintiff has not shown the ALJ erred in

11  citing Dr. Neims' opinions as supporting the RFC assessment.  *See* Tr. 38-39.  Although Plaintiff

12  states Dr. Neims' opinion was "tainted with a conflict of interest" (Dkt. 16 at 5), Plaintiff does

13  not identify any conflict of interest.  Accordingly, the Court finds that Plaintiff has failed to

14  establish any error related to Dr. Neims' opinions.

15  **C.      Step Five**

16   At step five, the Commissioner bears the burden to establish a claimant is not disabled

17  because he or she can perform other work that exists in significant numbers in the national

18  economy.  20 C.F.R. § 416.960(c)(2).  In this case, the ALJ relied on vocational expert ("VE")

19  testimony to find Plaintiff could perform the representative occupations of production assembler,

20  electrical accessories assembler, routing clerk, document preparer, and addresser.  Tr. 40.

21   Plaintiff raises several challenges to the ALJ's findings at step five.  First, Plaintiff

22  suggests the ALJ erred in finding Plaintiff could perform light jobs at step five.  Dkt. 16 at 14.

23  But the ALJ found Plaintiff capable of performing light work (Tr. 20), and the VE identified

1   several light and sedentary jobs that Plaintiff could perform, given her RFC.  *See* Tr. 105-08.

2   Thus, Plaintiff has not shown that the ALJ erred in this respect.

3        Plaintiff also challenges the ALJ's inclusion of a sit/stand option in the RFC assessment,

4   contending the ALJ "arbitrarily" found plaintiff could stand/walk for up to 15 minutes at a time.

5   Dkt. 16 at 15 (citing Tr. 107).  Plaintiff has failed to point to any credible evidence showing she

6   was more limited than the ALJ found.  Plaintiff also points to an opinion she was unable to sit for

7   longer than 30 minutes at a time (Dkt. 16 at 15 (citing Tr. 487)), but has not addressed the

8   reasons the ALJ provided for discounting the sitting limitation referenced in this opinion.  *See*

9   Tr. 36-37.  Because Plaintiff has not shown the ALJ erred in rejecting this sitting limitation, she

10  has not shown the ALJ erred in failing to include that limitation in the RFC assessment or VE

11  hypothetical.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

12       Lastly, Plaintiff argues the ALJ erred in failing to account for her hand and foot

13  numbness in the VE hypothetical (Dkt. 16 at 15).  However  she has again failed to acknowledge

14  that the ALJ specifically rejected those allegations for legally sufficient reasons.  *See* Tr. 18.

15       For all of these reasons, the Court rejects Plaintiff's challenges to the ALJ's step-five

16  findings.

17                              **CONCLUSION**

18       For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and the case is

19  **DISMISSED** with prejudice.

20       DATED this 10th  day of November, 2020.

21

22                              _____
                                BRIAN A. TSUCHIDA
23                              Chief United States Magistrate Judge


ORDER AFFIRMING THE COMMISSIONER'S DECISION - 6